IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOE ANTHONY VALDEZ, JR. | § | |
| VS. | § | CIVIL ACTION NO. 6:11CV651 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration, Petitioner Joe Anthony Valdez, Jr.'s, Objections to the Findings and Recommendations of Magistrate Judge Judith K. Guthrie regarding orders she entered in response to Petitioner's motions for discovery (Order at docket entry #37) and for appointment of counsel and a private investigator (Order at docket entry #38, regarding docket entries #4, 20, 28 (counsel) and #21, 24 (private investigator)). Petitioner's objections also included a brief challenge regarding the Magistrate Judge's Report and Recommendation on Petitioner's separate motion for default judgment, but the Court has addressed that issue in a separate Order. In the context of Petitioner's arguments, the Court construes Petitioner's objection as pursuant to Fed. R. Civ. P. 72(a) seeking a *de novo* review of the Magistrate Judge's ruling on these nondispositive matters by the District Judge assigned to the case.

Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive pretrial matters. *See* Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). "This Court may modify or set aside a magistrate judge's order only if it is clearly erroneous or contrary to law." *See Atel Maritime Investors, LP v. Sea Mar Management, LLC*, 2010 WL 2654440, at *1 (E.D. La. June 25, 2010)

1

(citing Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir.1995)). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 946 (1948).

Objections pursuant to Rule 72(a) must be made within 14 days from the objectionable order. *See* Fed. R. Civ. P. 72(a). Here, the Magistrate Judge's most recent Orders denying Petitioner's discovery motion and his motion for appointment of counsel and a private investigator were both issued on April 2, 2012. Both Orders refer back to and incorporate by reference the Magistrate Judge's earlier Orders and reasoning on the same topics. Although Petitioner's objections may have actually been addressed at the earlier Orders on the same topics issued by the Magistrate Judge, the Court will find for the purpose of this review that his Rule 72(a) objection is timely.

The Court has therefore made a *de novo* review of Petitioner's objections and the Magistrate Judge's denials. With regard to both, the Magistrate Judge found that the Director had not yet filed an answer to Petitioner's 28 U.S.C. § 2254 habeas petition. Therefore, the Director had not yet appeared, was not subject to discovery and could not respond to or oppose any of the motions filed by Petitioner. On that basis, the Magistrate Judge denied each motion, and their "supplemental" successor motions on the same issues, until such time as the Director appeared and filed an answer. The Magistrate Judge's judgment in that reasoning was neither clearly erroneous nor contrary to law. *Castillo*, 70 F.3d at 385. For that reason, her rulings would be upheld in any case.

She also analyzed Petitioner's motions on their merits. Citing Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the Magistrate Judge observed

that no evidentiary hearing had been set, nor did it appear from the petition that an evidentiary hearing would be required. Therefore, under Rule 8(a), there is no requirement to appoint counsel. Similarly, citing *Ayestas v. Thaler*, 2011 WL 285128, at *17 (S.D. Tex. Jan. 26, 2011), the Magistrate Judge found that Petitioner had already conducted "limited investigation" and had not substantiated his need for further investigatory assistance by a private investigator.

Petitioner's instant objections provide lengthy argument as to why he believes he should have the benefit of both counsel and a private investigator, but he has not overcome the baseline findings of the Magistrate Judge, above. For example, he argues that his allegedly limited access to law library materials will be ameliorated by the assignment of a private investigator or counsel. However, Petitioner must show "that he ha[s] a substantial need" for investigative or expert assistance. *Ayestas*, 2011 WL 285128, at *17 (citing and quoting *Clark v. Johnson*, 202 F.3d 760, 768 (5th Cir.), *cert. denied*, 531 U.S. 831, 121 S. Ct. 84, 148 L. Ed. 2d 46 (2000)). He admits he has access to the extent available within the prison unit; furthermore, he has had no difficulty in promptly preparing and filing his objections, which reflects his research with citation of a number of cases. He also complains it would be fruitless to seek investigative assistance by mail from personnel at the other prison unit involved, but it is clear from his objections that this is untried and merely speculative. In all, he has not shown that he requires or is entitled to appointment of the special assistance he requests.

Having thus conducted a *de novo* review of the Magistrate Judge's decisions and Petitioner's instant arguments, this Court is not "left with the definite and firm conviction that a mistake has been committed." *U.S. Gypsum Co.*, 333 U.S. at 395. It is accordingly

**ORDERED** that Petitioner's Objections pursuant to Fed. R. Civ. P. 72(a) (docket entry #40), are hereby **OVERRULED** and **DENIED**.

**SIGNED this 11th day of April, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE